IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 0:24-49 |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(2) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| CHRISTINA STEVENS GREGORY | ) | INDICTMENT |

## COUNT ONE
Wire Fraud

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1. **CHRISTINA STEVENS GREGORY** was a resident of Aiken County, South Carolina.

2. Industrial Test Systems, Inc. is a manufacturer of water quality testing equipment located in Rock Hill, South Carolina.

3. **CHRISTINA STEVENS GREGORY** was a Certified Public Accountant (CPA) and has been employed by Industrial Test Systems since 2004.

### SCHEME AND ARTIFACE TO DEFRAUD

4. From on or about January 22, 2004 through August 23, 2023, **CHRISTINA STEVENS GREGORY** intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, by depositing checks that were written to Industrial Test Systems, Inc. into a personal account entitled Christina S Gregory DBA

ITS. This account was owned and controlled by the defendant, **CHRISTINA STEVENS GREGORY**, and the funds deposited therein were used for **CHRISTINA STEVENS GREGORY's** personal gain and enrichment.

## MANNER AND MEANS

It was part of the scheme that:

5. **CHRISTINA STEVENS GREGORY** began working as an accountant at Industrial Test Systems in 2004.

6. In her role as a CPA with Industrial Test Systems, **CHRISTINA STEVENS GREGORY**, received checks and invoices intended as payment to the company for services rendered or products provided.

7. **CHRISTINA STEVENS GREGORY** had authority to endorse and deposit the checks into Industrial Test System's corporate bank accounts and to monitor the company bank accounts to ensure that the corporation's finances were in order.

8. On or about January 2, 2004, **CHRISTINA STEVENS GREGORY** opened a personal account with TD Bank bearing an account number ending in 8516 entitled "Christina S. Gregory DBA ITS" (TD Bank Account). The TD Bank account was not affiliated with Industrial Test Systems, Inc. and was solely used for the personal use and benefit of **CHRISTINA STEVENS GREGORY.**

9. Beginning on or about January 22, 2004, **CHRISTINA STEVENS GREGORY**, began endorsing and depositing checks received by Industrial Test Systems and depositing them into the 8516 TD Bank account.

2

10.  Because the checks were written to Industrial Test Systems, Industrial Test Systems, Inc., or Industrial Test Systems – ITS, TD Bank allowed the checks to be deposited into the TD Bank Account because it the account was labeled "DBA ITS".

11.  **CHRISTINA STEVENS GREGORY** never remitted the money from the TD Bank account back to Industrial Test Systems Inc. or an Industrial Test Systems account.

12.  That between on or about January 22, 2004 and on or about August 23, 2023, in the District of South Carolina, the defendant, **CHRISTINA STEVENS GREGORY**, knowingly devised a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate commerce, any writings, signs, signals, picture or sounds for the purpose of executing the scheme and artifice to obtain money from Industrial Test Systems Inc. to which she was not entitled;

In violation of Title 18 United States Code, Section 1343.

## FORFEITURE

WIRE FRAUD:

Upon conviction of violation of Title 18, United States Code, Section 1343 as charged in the Indictment, the Defendant, **CHRISTINA STEVENS GREGORY**, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendant obtained, directly or indirectly, as a result of such offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offense charged in the Indictment, that is, a minimum of $1,466,000.00 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to her violation of 18 U.S.C. § 1343.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant --

    A.    Cannot be located upon the exercise of due diligence;
    B.    Has been transferred or sold to, or deposited with, a third person;
    C.    Has been placed beyond the jurisdiction of the court;
    D.    Has been substantially diminished in value; or
    E.    Has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

A \_\_\_\_\_TRUE\_\_\_\_\_ BILL

_____
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: 
J. Scott Matthews (Fed. ID #13779)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.:  803-343-3163
Fax:  803-254-2912
Email: Jonathan.Matthews2@usdoj.gov